IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KAREN CAMPBELL McGAGH,** | * | |
| | * | |
| Plaintiff | * | |
| | * | Civ. No. MJM-24-2534 |
| v. | * | |
| | * | |
| **MATTHEW FADER,** *et al.*, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * *

## ORDER

Self-represented plaintiff Karen Campbell McGagh ("McGagh" or "Plaintiff") brings this action against defendants the Supreme Court of Maryland, Matthew Fader, Shirley Watts, Michele Hotten, Brynja Booth, Jonathan Biran, Angela Eaves, Steven Gould, Suzanne Johnson, Steven Gould, Michael Berman, Alan Brody, Pamela Harris, Stacy Mayer, State of Maryland, and others as-yet-unknown (DOES 1 through 25). Compl., ECF No. 1. McGagh alleges, *inter alia*, that the Maryland Supreme Court reinstated her criminal conviction "using false evidence," *id*. at 13–14, and that the dissemination of this evidence pursuant to her conviction has caused substantial harm to her personal and professional reputation, *id*. at 38. On August 30, 2024, McGagh filed a motion to proceed in forma pauperis. ECF No. 2. On September 3, 2024, McGagh filed a motion seeking a temporary restraining order ("TRO"). ECF No. 6. No hearing is necessary to resolve the motions. *See* Local Rule 105.6 (D. Md. 2023). For reasons stated below, McGagh is directed to supplement her motion to proceed in forma pauperis or pay the full filing fee, and her motion for a TRO is denied.

1

I. **Motion to Proceed In Forma Pauperis**

McGagh's motion to proceed in forma pauperis, submitted on the Court's form, is largely blank and does not include sufficient information for the Court to make a determination. ECF No. 2. Furthermore, the motion indicates that McGagh has monthly income that may preclude a finding of indigency. *Id*. McGagh shall be required to supplement her motion or pay the full filing fee before the case may proceed. If McGagh elects to pay the full filing fee, the fee will be $405.00.

II. **Motion for Temporary Restraining Order**

McGagh seeks a TRO to "prevent the Maryland Supreme Court from "engaging in extrajudicial conversations." ECF No. 6 at 1. To warrant such relief, Plaintiff "must establish (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that a[] [TRO] is in the public interest." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (cleaned up). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted) (citation omitted). McGagh's request for injunctive relief shall be denied as she does not satisfy all four factors.

McGagh is unable to demonstrate a likelihood of success on the merits of her claims. It is well established that a judge, in performing his or her official functions, has absolute immunity from all litigation. *E.g.*, *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) ("Judicial immunity is strong medicine."). This absolute immunity is afforded even where an order is marred by procedural error, or a where a judge is alleged to have acted with malice or for a corrupt purpose. *See id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)). Justices of the Maryland Supreme Court are judicial officers who enjoy absolute immunity. McGagh argues in her motion that judicial officers are not immune from suits

for prospective injunctive relief for "actions taken outside of judicial capacities." ECF No. 6 at 3. But she fails to identify conduct by any of the defendants that exceed their judicial functions.[1]

McGagh's motion for a TRO may be denied based solely on her failure to show a likelihood of success on the merits of her claims, *see Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) ("*[E]ach* of these four factors must be satisfied to obtain preliminary injunctive relief."); however, the Court finds she has also failed to demonstrate other requirements for preliminary injunctive relief. First, McGagh has failed to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. A movant seeking preliminary injunctive relief must show irreparable harm that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 912 (4th Cir. 1991) (citation omitted). Here, McGagh fails to demonstrate any likelihood that the defendants will engage in "extrajudicial conversations" that are likely to affect her in any way. The harms she alleges are, at best, purely speculative. Lastly, McGagh has failed to demonstrate that the balance of equities is in her favor or that an injunction would be in the public interest. To the contrary, a TRO issued by a federal court that invades the inner workings of a state court and its judicial officers would subvert foundational principles of federalism, comity, and separation of powers, and interfere with the defendants' performance of their official duties, which would clearly run counter to the public interest.

### III.    Conclusion

For the reasons explained above, it is this 6th day of September, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that

---

[1] Insofar as any of the defendants are not covered by judicial immunity (to the extent they are even proper defendants in this case), they are afforded sovereign immunity, which shields the state government and state officials from suit in connection to the discharge of their duties. *E.g.*, *Godwin v. Cnty. Com'rs of St. Mary's Cnty.,* 260 A.2d 295, 299 (Md. 1970).

1. Plaintiff is GRANTED 21 days from the date of this Order to supplement her Motion to Proceed in Forma Pauperis (ECF No. 2) or pay the full filing fee;

2. Plaintiff is FOREWARNED that failure to supplement the motion as directed or pay the full filing fee in the time provided may result in dismissal of the Complaint without prejudice and without further notice from the Court;

3. Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) is DENIED; and

4. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

It is so ORDERED.

                                                                    /S/
                                            Matthew J. Maddox
                                            United States District Judge